**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSE MARTINEZ,** on behalf of themselves, and all other similarly situated plaintiffs known and unknown, | ) ) ) ) | **Case No.** |
| Plaintiff | ) ) | Hon. |
| v. | ) ) ) | |
| **MANFREDINI LANDSCAPING COMPANY d/b/a MANFREDINI LANDSCAPING AND DESIGN, AND ENRICO MANFREDINI, INDIVIDUALLY,** | ) ) ) ) ) ) | ***JURY DEMAND*** |
| Defendants | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Jose Martinez, on behalf of himself and other similarly situated individuals, known and unknown, against Manfredini Landscape Company d/b/a Manfredini Lanscaping and Design, and Enrico Manfredini, individually (collectively "Defendants") states as follows:

**I.   NATURE OF THE CASE**

1.    This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. ("FLSA"), Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in a work week in violation of the FLSA and IMWL, and making deductions from employees' compensation without proper authorization under the IWPCA;

## II.  JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b).  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3.     Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## III. PARTIES

**Plaintiff**

4.     Plaintiff resides in and are domiciled in the State of Illinois and within this judicial district.

5.     At all relevant times, Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. §201 *et seq*., IMWL, 820 ILCS 105/1 *et seq*., and IWPCA, 820 ILCS 115/1 *et seq*

**Defendant**

6.     Within the relevant time period, Defendant Manfredini Landscape Company d/b/a Manfredini Lanscaping and Design (Manfredini):

   a.  has been a corporation organized under the laws of the State of Illinois;

   b.  has had its principal place of business at 1401 W Lamb Ln Libertyville, IL, 60048, within this judicial district;

   c.  has conducted business in Illinois and within this judicial district;

d. has been an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce, within the meaning of Section 3(s)(1)(A);

e. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

f. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS 115/2.

7. Within the relevant time period, Defendant Enrico Manfredini:

a. has had his principal place of business at 1401 W Lamb Ln Libertyville, IL, 60048,within this judicial district;

b. has conducted business in Illinois and within this judicial district;

c. Is the owner or operator of Manfredini Landscape Company;

d. has had two (2) or more employees who have handled goods that moved in interstate commerce; and

g. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS 105/3(c), and IWPCA, 820 ILCS 115/2.

## IV. FACTUAL BACKGROUND

8. Defendant Manfredini is a corporation specializing in landscape maintenance, and snow and ice removal.

9. Defendant Enrico Manfredini is the owner or operator of Manfredini.

10.     Plaintiff Jose Martinez worked as a laborer for Manfredini doing lawn maintenance, loading, unloading and driving equipment, and other support work, and doing snow removal during the winter.

11.     Jose Martinez worked for Defendants from March 2012 to December 2017.

12.     Jose Martinez was last paid $22.00 per hour.

13.     Mr. Martinez was not paid for travel time driving back to the shop from the last jobsite.

14.     He was not paid for fifteen minutes of work prior to clocking in.

15.     During this fifteen minutes he would receive instruction and get equipment ready.

16.     Mr. Martinez's 30 minute unpaid lunch break was interrupted on average once a week.

17.     Plaintiff and similarly situated employees were required to wear uniforms while working for Defendants.

18.     Plaintiff and similarly situated employees were required to pay for their own uniforms by Defendants.

19.     Defendants deducted various amounts from the weekly paychecks of Plaintiff and similarly situated employees to pay for these uniforms.

20.     The deductions from Plaintiff and similarly situated employees paychecks were made without proper written authorization.

## V. CLASS ACTION ALLEGATIONS

21.     Upon filing of this case, Plaintiffs will seek to certify this case both as a collective action as to the federal claims and as a class action pursuant to Fed. R. Civ. P. Rule 23 for their state law claims for Illinois-mandated overtime wages (Counts II and III) arising under the IMWL and IWPCA.

22.     The IWPCA class pertaining to Count III that Plaintiff seek to represent is defined as: All individuals employed by Manfredini and Enrico Manfredini who had deductions made from pay for uniforms without signing a contemporaneous authorization for those deductions for the period of July 27, 2008 through the date of judgment.

23.     The IMWL classes pertaining to Count III that Plaintiff seek to represent is defined as:

a.   All individuals employed by Manfredini and Enrico Manfredini who were not paid for travel time returning the shop, for the period of July 27, 2015 through the date of judgment.

b.   All individuals employed by Manfredini and Enrico Manfredini who had unpaid lunch breaks interrupted for work, for the period of July 27, 2015 through the date of judgment.

c.   All individuals employed by Manfredini and Enrico Manfredini who were not paid for work done prior to clocking in, for the period of July 27, 2015 through the date of judgment.

24. Counts II and III is brought pursuant to Fed. R. Civ. P. Rule 23 (a) and (b) because:

a.   The class is so numerous that joinder of all members is impracticable:

b.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants employ 30 or more individuals and dozens more in Illinois during the IWPCA and IMWL Class Periods;

c.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

    i.   Whether Defendants made deductions from the pay of Plaintiffs and the Class for uniforms.

    ii.  Whether Defendants obtained the proper contemporaneous authorizations to make deductions from the pay of Plaintiffs and the Class for uniforms.

    iii. Whether the Defendants paid Plaintiffs and the Class for all travel time.

    iv.  Whether the Defendants interrupted Plaintiff's and Class' unpaid lunch breaks with work.

    v.   Whether Defendants required Plaintiff and the Class to do 15 minutes of work prior to clocking in.

d.  Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel is competent and experienced in litigating wage and hour and other employment class actions.

e.   The class representatives and the members of the class have been equally affected by Defendants' deductions from pay for uniforms;

f.   The class representatives, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, Defendants, and the Court.

25.     Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of the Fair Labor Standards Act – Failure to pay Overtime**
*Section 216(b) Collective Action*

26.     Plaintiffs incorporate and re-allege paragraphs 1 through 24 of this Complaint, as though set forth herein.

27.     The matters set forth in this Count arise from Defendants' violation of the FLSA for failure to pay employees for all hours worked.

28.     Plaintiff consents to sue Defendant under the FLSA and hereby files that consent with the Court. That consent is attached as Exhibit A.

29.     Throughout his employment, Plaintiff was not paid travel time, had his lunch break interrupted and was not paid for 15 minutes of pre-shift work.

30.     In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work by interrupting his unpaid lunch breaks, requiring him to

drive from the jobsite to the shop, and directing him to work, while not compensating him for this work.

31.     In the three years prior to the filing of this complaint, Defendants likewise suffered or permitted other similarly situated employees to work by interrupting his unpaid lunch breaks and directing him to work, while not compensating him for this work.

32.     Plaintiffs and other similarly situated employees were not exempt from the overtime wage provisions of the FLSA.

33.     Plaintiffs and other similarly situated employees were entitled to be compensated for all time worked in individual workweeks.

34.     Defendants violated the FLSA by failing to compensate Plaintiffs and other similarly situated employees' overtime wages for all time worked.

35.     Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing their complaint because Defendants' violation was willful.

WHEREFORE, Plaintiffs and similarly situated employees pray for a judgment against Defendants as follows:

A.  That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA;

B.  A judgment in the amount of unpaid wages for all the time Plaintiff and similarly situated employees worked in individual work weeks for Defendants;

C.  Liquidated damages in the amount equal to the unpaid wages;

D.  That the Court declare the Defendants violated the FLSA;

E.  That the Court enjoin the Defendants from continuing to violate the FLSA;

F.  Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G.  Such other further relief this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law- Failure to pay ages for all hours worked
#### *Class Action*

36.     Plaintiffs incorporate and re-allege paragraphs 1 through 33 of this Complaint, as though set forth herein.

37.     The matters set forth in this Count arise from Defendants' violation of the IMWL for failure to pay employees for all hours worked.

38.     Throughout his employment, Plaintiff was not paid travel time, had his lunch break interrupted and was not paid for 15 minutes of pre-shift work.

39.     In the three years prior to the filing of this complaint, Defendants suffered or permitted Plaintiff to work by interrupting his unpaid lunch breaks, requiring him to drive from the jobsite to the shop, and directing him to work, while not compensating him for this work.

40.     Plaintiff and other similarly situated employees were not exempt from the overtime wage provisions of the IMWL.

41.     Plaintiff and other similarly situated employees were entitled to be compensated for all time worked in individual workweeks.

42.     Defendants violated the IMWL by failing to compensate Plaintiff and other similarly situated employees' overtime wages for all time worked.

43. Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages for up to three (3) years prior to Plaintiffs filing their complaint.

WHEREFORE, Plaintiffs and similarly situated employees pray for a judgment against Defendants as follows:

    A. That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

    B. A judgment in the amount of unpaid wages for all the time Plaintiff and similarly situated employees worked in individual workweeks for Defendants;

    C. Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    D. That the Court declare the Defendants violated the IMWL;

    E. That the Court enjoin the Defendants from continuing to violate the IMWL;

    F. Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

    G. Such other further relief this Court deems appropriate and just.

## COUNT III
**Violation of the Illinois Wage Payment and Collection Act- unauthorized deductions for uniforms**
*Class Action*

44. Plaintiffs incorporate and re-allege paragraphs 1 through 41 of this Complaint, as though set forth herein.

45. The matters set forth in this Count arise from Defendants' violation of the IWPCA.

46. In the ten years prior to the filing of this claim the Plaintiffs and similarly situated employees had deductions made from pay for the purpose of paying for uniforms required by the Defendants.

47.     In the ten years prior to filing this claim the Plaintiffs and similarly situated employees had this money deducted from their paychecks without proper authorization.

WHEREFORE, Plaintiffs and similarly situated employees pray for a judgment against Defendants as follows:

A.  That the Court determines that this action may be certified as a class action pursuant to Fed. R. Civ. P. Rule 23(a) and (b);

B.  A judgment in the amount of all money deducted from the compensation of Plaintiff and similarly situated employees in individual workweeks by Defendants;

C.  Statutory damages pursuant to the formula set forth in 820 ILCS 115/14(a);

D.  That the Court declare the Defendants violated the IWPCA;

E.  That the Court enjoin the Defendants from continuing to violate the IWPCA;

F.  Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

G.  Such other further relief this Court deems appropriate and just.


Dated: July 27, 2018                                    By:___s/ Michael P. Persoon_____
                                                          One of  Plaintiff's Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Michael A. Schorsch
Despres, Schwartz & Geoghegan, Ltd.
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511